### ROSCOE DUNN v. STATE.
No. A-4587.    Opinion Filed Oct. 9, 1924.
(228 Pac. 1112.)

(Syllabus.)

**Intoxicating Liquors—Evidence Supporting Conviction for Unlawful Sale.** In a prosecution for selling whisky, evidence reviewed and held sufficient to support the verdict and judgment of conviction.

Appeal from County Court, Stephens County; Eugene Rice, Judge.

Roscoe Dunn was convicted of the unlawful sale of whisky, and he appeals. Affirmed.

B. B. Hickman and Wilkinson & Saye, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, Roscoe Dunn, was convicted on a charge that he did sell one-half gallon of whisky to one John Doe, whose true and correct name is unknown, for the sum of $5, and in accordance with the verdict of the jury he was, on the 7th day of December, 1922, sentenced to be confined in the county jail for 30 days, and to pay a fine of $50. No brief has been filed.

E. C. Boyd, deputy sheriff, testified that on the evening of the date alleged, in the town of Comanche, near the light plant, he saw defendant and another fellow walking up the track, and heard defendant Dunn say, "It is right along here somewhere." They walked back on the track, and defendant said, "Will it be all right for me to take a drink?" the other man said, "Yes"; then the other man handed defendant a bill and took the half gallon of whisky from the defendant; that as they started down the track he stopped them; the defendant had the $5 bill; as he placed the handcuffs on him the other man ran away.

As a witness in his own behalf the defendant testified that he wanted to buy a half gallon of whisky, and a fellow standing near Floyd's hamburger stand told him he had some to sell, and they walked down the track to the light plant, and he gave the fellow $5 for a half gallon of whisky; that he tasted the whisky, and it was no good, and the fellow gave him his money back. Just then Officer Boyd came up, and the other man ran away.

The foregoing statement shows that the testimony is sufficient to support the verdict and judgment of conviction. Finding no prejudicial error in the record, the judgment is affirmed.

MATSON, P. J., and BESSEY, J., concur.